Allen v. Hickling.

---

# Benjamin F. Allen
## v.
# William Hickling.

1. Discharge in bankruptcy—Debt procured by fraud.—The fraud that will prevent the discharge of a debt in bankruptcy must be fraud in fact, or positive fraud, and not implied fraud, which may exist without the imputation of bad faith.

2. Semble.—That an objection not assigned for error, will not be considered.

Error to the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed October 26, 1882.

This was an action by Hickling, as plaintiff, against Allen, as defendant below, to recover of the latter the sum of eight thousand dollars, which the plaintiff had paid the defendant September 10, 1874, upon the purchase by the plaintiff of the defendant of a certain promissory note of that amount, made by Andreas & Co., bearing that date, and payable October 1, 1875; such note being accompanied with ten bonds for one thousand dollars each, purporting to have been made by the Des Moines Gas Company, and secured by trust deed upon the property and franchises of said company, and such bonds being turned over to plaintiff as collateral security for the payment of said note. The declaration contains several counts, one of which is clearly for fraud and deceit; the others the common money counts in assumpsit. The defendant filed the plea of non-assumpsit, and a special plea setting up defendant's discharge, December 6, 1875, by the United States District Court for the District of Iowa, upon an involuntary petition in bankruptcy. To this plea the plaintiff replied, averring that the debt sued for was created by the fraud of the defendant, as charged in the declaration, wherefore such discharge was inoperative as a bar to the action. Upon the trial of the issues so formed the plaintiff gave testimony tending to prove such sale by the defendant, and purchase by the plaintiff of said note secured as aforesaid, and the payment therefor of said sum of money; also tending to prove that he was induced to make said purchase and pay said money to the defendant by means of false representations made by the defendant, respecting the goodness and value of said bonds so taken as collateral security, and that the makers of said note had become insolvent, and said bonds were, in fact, worthless at the time defendant so turned them over to him. The defendant gave testimony tending to show that there was, on his part, no actual or intentional fraud in the transaction. The defendant's counsel asked the court to instruct the jury thus: "The jury are instructed that the discharge in bankruptcy is a perfect defense in this case, unless the jury shall find from the evidence that the defendant, Allen, knowingly and fraudulently made false representations

concerning the gas bonds in question in this case, knowing them to be false when he made them."

This the court refused to give and in its stead gave the following: " The jury are instructed that the discharge in bankruptcy is a perfect defense to this case, unless the jury shall find from the evidence that the defendant, Allen, made false representations concerning the gas bonds in question in this case, or having reason to believe them to be false when he made them." The proper exception was taken. The jury found the defendant guilty and assessed plaintiff's damages at eleven thousand five hundred and forty dollars, upon which the court, overruling defendant's motion for new trial, gave judgment, to reverse which the defendant prosecutes this writ of error.

Messrs. BISBEE, AHRENS & HAWLEY, for plaintiff in error; that if the defendant did not know the representations to be false when he made them, he was not guilty of fraud, cited Wheeler v. Randall, 48 Ill. 182; Mitchell v. Deeds, 49 Ill. 417; Hines v. Richter, 51 Ill. 299; Tone v. Wilson, 81 Ill. 259; St. L. & S. E. Ry. Co. v. Rice, 85 Ill. 406; Schwabacker v. Riddle, 99 Ill. 343.

Mr. ALBION CATE, for defendant in error.

MCALLISTER, J. The replication of the plaintiff below, in avoidance of the defendant's plea of a discharge in bankruptcy, avers, under the provision of section thirty-three of the bankrupt act of 1867, that the debt sued on was created by the fraud of the defendant, as charged in the declaration. That section provides that " no debt created by the fraud or embezzlement of the bankrupt, or by defalcation as a public officer, or while acting in a fiduciary capacity shall be discharged under this act."

In Neal v. Clark, 95 U. S. 704, the Federal Supreme Court gave a construction to that provision, and held that the word " fraud," as therein used, meant positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist without the

imputation of bad faith or immorality. Under that construction the court below clearly erred in refusing the instruction asked by the defendant's counsel, and giving the one which the court gave in the place of it. By the one asked and refused, the court was requested to direct the jury that the defendant's discharge in bankruptcy was a complete defense to the action, unless the jury believed from the evidence, that the defendant knowingly and fraudulently made false representations concerning the gas bonds in question, he knowing them to be false when he made them. The one given in its stead, reads: "The jury are instructed that the discharge in bankruptcy is a perfect defense in this case, unless the jury shall find from the evidence that the defendant, Allen, made false representations concerning the gas bonds in question in this case, *or having reason to believe them to be false*, when he made them."

It need only be said that the requirements of that instruction are far short of what is required by the above provision, as construed by the Supreme Court, in order to avoid the effect of the discharge in bankruptcy. And it was error to refuse the one asked, and to give that one in its place.

The question of a misjoinder of counts in the declaration has been elaborately argued by counsel for Allen, plaintiff in error, but we find they have not assigned it for error. For the reason given the judgment of the court below will be reversed and the cause remanded.

                    Reversed and remanded.